**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0829n.06

No. 10-1830

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT | | **FILED**<br>***Dec 12, 2011***<br>LEONARD GREEN, Clerk |

| | | |
|---|---|---|
| ERIK LITTLE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JAN TROMBLEY, Warden, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: KENNEDY, GIBBONS, and KETHLEDGE, Circuit Judges

PER CURIAM. Erik Little, a Michigan prisoner proceeding through counsel, appeals the

district court's judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. §

2254.

In 2004, a jury convicted Little of first-degree home invasion and assault with intent to

commit murder. The trial court sentenced Little to a total of nine to twenty years in prison. The

charges arose from an incident on October 25, 2003, in which Little broke into the home of his

estranged wife, Shelley Wilson, and, once inside, stabbed Scott Desenberg, who was involved in a

romantic relationship with Wilson. At trial, Little sought to introduce evidence that Wilson had a

drug problem, that her drug problem had been an ongoing source of conflict in their marriage, and

that he broke into the house out of concern for her safety. The trial court allowed Little to testify that

he was concerned about Wilson on the night in question but otherwise ruled the evidence

inadmissible, reasoning that it was irrelevant and did not constitute a legal defense to the charged crimes.

Little appealed, arguing that the trial court's decision to exclude evidence of Wilson's alleged drug abuse deprived him of his constitutional right to present a defense. *People v. Little*, No. 260100, 2006 WL 2422585, at *1 (Mich. Ct. App. Aug. 22, 2006). The court of appeals rejected this claim, concluding that the evidence was properly excluded as irrelevant. *Id.* at *2-3. The court of appeals described in considerable detail the evidence Little sought to offer, including his expectation that he would find Wilson's sister and her boyfriend inside and his surprise at seeing Desenberg. The court explained that the home invasion charge was dependent on the underlying felony charge of assault with intent to commit murder. It noted that assault with intent to commit murder is a specific intent crime, but it was not Little's intent at the time he broke into the house that was relevant. The court also analyzed the lack of relevance of the excluded evidence to Little's claim of self defense. The Michigan Supreme Court denied leave to appeal. *People v. Little*, 726 N.W.2d 35 (Mich. 2007). Little then filed for habeas corpus relief, raising the same claim he presented on direct appeal. The district court denied the petition but granted a certificate of appealability.

In a § 2254 proceeding in which the district court relies on the facts determined in state court, we review de novo the district court's legal conclusions and its findings of fact. *See Holder v. Palmer*, 588 F.3d 328, 337 (6th Cir. 2009). A federal court may grant a writ of habeas corpus to a state prisoner with regard to a claim that the state court adjudicated on the merits only if 1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented" in state court. 28 U.S.C. § 2254(d)(1), (2). State court findings of fact are presumed correct and may

be disturbed only if the petitioner shows by clear and convincing evidence that they were incorrect. 28 U.S.C. § 2254(e)(1).

"[T]he Constitution guarantees criminal defendants a meaningful right to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation marks omitted). This right is not unlimited, however, and "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). In particular, "the Constitution permits judges to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues." *Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006) (internal quotation marks and alterations omitted). The right to present a complete defense is compromised only "by evidence rules that 'infring[e] upon a weighty interest of the accused' and are 'arbitrary or disproportionate to the purposes they are designed to serve.'" *Id.* at 324 (quoting *Scheffer*, 523 U.S. at 308 (internal quotation marks omitted)).

The Michigan courts acted reasonably when they held that the disputed evidence was not relevant to Little's intent at the time of the assault or to his claim of self-defense and that, as a result, Little was not deprived of his right to present a complete defense. *Little*, 2006 WL 2422585, at *2-3. Under state law, the crime of assault with intent to commit murder is a specific intent crime that requires proof of "an actual intent to kill." *Id.* at *1 (quoting *People v. Brown*, 703 N.W.2d 230, 236 (2005)). Little argues that the excluded evidence would have demonstrated that he entered the house on the night in question because he was concerned for Wilson's safety, not because he was jealous; that he did not expect to find another man in the house; and that, as a result, he did not act with the requisite intent to commit murder. The court of appeals rejected this argument, reasoning that the pertinent inquiry was Little's intent at the time that he committed the assault, not at the time that he

entered the house. *Id.* at *2. The court of appeals further concluded that the evidence was not relevant to Little's claim of self-defense because it did not make it more or less likely that he acted with an honest and reasonable belief that he was in danger of death or serious physical injury. *Id.* at *3.

This decision was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. Contrary to Little's contention, the exclusion of this evidence did not undermine "fundamental elements" of his defense. *See Scheffer*, 523 U.S. at 315. Little was allowed to testify that he entered the house out of concern for Wilson's erratic behavior, that he was surprised to see Desenberg, and that he acted in self-defense after Desenberg, a much larger man, initiated physical contact. The evidence of Wilson's history of drug abuse was at best marginally relevant to Little's guilt or innocence, and the state court of appeals reasonably concluded that its exclusion did not deprive Little of a fair trial.

Accordingly, we affirm the district court's judgment denying Little's petition for habeas corpus relief.